NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHN EDWARD SHERRY, JR., *Petitioner*.

No. 1 CA-CR 18-0876 PRPC
FILED 5-7-2019

Petition for Review from the Superior Court in Yavapai County
No.  P1300CR201700243
V1300CR201780172
The Honorable Tina R. Ainley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Susan L. Eazer
*Counsel for Respondent*

John Edward Sherry, Jr., Douglas
*Petitioner*

_____

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

_____

**J O N E S**, Judge:

¶1            John Sherry, Jr. petitions this Court for review of the dismissal of his of-right petition for post-conviction relief (PCR). We have considered the petition and, for the reasons stated, grant review but deny relief.

¶2            Sherry pleaded guilty to multiple offenses, including stalking and harassment, that occurred between October 2016 and March 2017. In his notice for PCR, Sherry advised he intended to raise a claim of ineffective assistance of counsel (IAC). After court-appointed counsel was unable to find any colorable claims for relief, the superior court granted Sherry additional time to file his own petition. When Sherry failed to do so, the court dismissed the notice of PCR. In his petition for review and motion to supplement the record, Sherry presents — for the first time — the reasoning underlying his claims of IAC, arguing that both trial and PCR counsel were ineffective when they failed to fully investigate his case, raise procedural deficiencies and constitutional violations, communicate with him, and object to prosecutorial misconduct.

¶3            This Court will not disturb a superior court's ruling on a petition for post-conviction relief absent an abuse of discretion or error of law. *State v. Gutierrez*, 229 Ariz. 573, 576-77, ¶ 19 (2012). It is the petitioner's burden to show that the court abused its discretion in denying the petition. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). We find none here. Sherry failed to timely present his claims for IAC to the superior court, and they are waived. *See* Ariz. R. Crim. P. 32.9(c)(4)(D). Indeed, we cannot review claims that the superior court has not decided. *See* Ariz. R. Crim. P. 32.9(c)(4)(B)(ii).

¶4 Accordingly, we grant review and deny relief.

